UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:00-cr-00008-JDL |
| | ) | |
| REGINALD WAIN BUCKLEY | ) | |

**ORDER OF DETENTION PENDING
FINAL REVOCATION HEARING**

Based on proffers of evidence at a detention hearing, the Court concludes pursuant to 18 U.S.C. § 3143(a)(1) that the Defendant has not sustained his burden to prove by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

**I.   PROCEDURAL HISTORY**

On September 29, 2000, Mr. Buckley was sentenced to fifteen years imprisonment to be followed by five years of supervised release. *J.* (ECF No. 18).  On April 5, 2013, Mr. Buckley commenced his term of supervised release. *Am. Pet. for Warrant or Summons for Offender under Supervision* at 1 (ECF No. 33) (*Warrant Pet.*).  The Government moved for a summons on March 10, 2016, *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 27), which the Court granted the next day.  *Order* (ECF No. 28).  The Government then moved for an arrest warrant on March 21, 2016, *Warrant Pet.*, which the Court granted that same day.  *Order* (ECF No. 34).  The Government alleges several violations of Mr. Buckley's supervised release:

1.  Regarding Special Condition No. 2, which, inter alia, proscribes drug
    use, the Government alleges that Mr. Buckley tested positive for
    marijuana, benzodiazepines, morphine, and oxycodone and that he
    admitted to using marijuana and oxycodone.

2.  Regarding Standard Condition No. 11, which requires the Defendant
    to notify the Probation Office within seventy-two hours of being
    arrested or questioned by the police, the Government alleges that Mr.
    Buckley had three interactions with police: (1) on February 20, 2016,
    for a disorderly conduct warning at St. Joseph's Hospital in Bangor;
    (2) on February 21, 2016, for criminal trespass for refusing to leave
    then returning to the Bangor International Airport (BIA) after
    having been ordered not to do so; and (3) on February 27, 2016, for
    criminal mischief, disorderly conduct, refusing to sign the summons,
    and assault on an officer at Eastern Maine Medical Center (EMMC)
    in Bangor.  According to the Government, Mr. Buckley failed to notify
    the Probation Office within seventy-two hours after each of these
    interactions with police.

3.  Regarding the Preamble, which prohibits the Defendant from
    committing another federal, state, or local crime, the Government
    alleges that the February 21, 2016 incident at BIA constituted a
    violation; that the February 27, 2016 incident at EMMC constituted
    a violation; and that on March 19, 2016, the Defendant committed

another violation when he was placed under arrest for theft at Wal-

Mart Supercenter in Brewer, Maine.

*Warrant Pet.* at 1-2.

On April 13, 2016, the Court held an initial appearance on the supervised release revocation proceeding. *Min. Entry* (ECF No. 48). At the initial appearance, Mr. Buckley waived his right to a preliminary hearing under Federal Rule of Criminal Procedure 32.1(b)(1)(A) to determine whether there is probable cause to believe that he violated a condition of supervised release. *Waiver* (ECF No. 50). Mr. Buckley did, however, request a detention hearing pending resolution of the revocation proceeding. *Min. Entry* (ECF No. 48). On April 14, 2016, the Court held the detention hearing.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." FED. R. CRIM. P. 32.1(a)(6); *see also* FED. R. CRIM. P. 46(d) ("Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release"). Section 3143(a)(1), referred to in Rule 32.1(a)(6), requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

3

Thus, Mr. Buckley has the burden of establishing by clear and convincing evidence that there are conditions or combinations of conditions which will reasonably assure the safety of another person or the community and that there is no danger that he will flee.

## III.   APPLICATION

Based on the proffer presented at the hearing, the Court concludes that Mr. Buckley has not met his burden.  First, the Court notes that the revocation hearing is scheduled for May 11, 2016, less than a month from today.  Second, the Court observed during the detention hearing that Mr. Buckley appeared to be in poor health, it heard that he has been frequently hospitalized of late, and it is concerned that he might not get the medical help he needs if he were to be released.  Third, Mr. Buckley was unable to present solid plans as to where he would be living were he to be released.  While Mr. Buckley indicated that he might be able to stay with a friend named Chris[1] or that he might be able to rent a room from a landlord in Brewer, the Court has grave concerns that Mr. Buckley would end up on the street without a place to stay.  Fourth, Mr. Buckley has a lengthy criminal record, including several felonies, which suggests that, if released, he may pose a danger to the community.  Finally, the Government's allegations regarding the supervised released violations—though not yet proved—comprise a series of disturbing incidents that only heighten the Court's concern that Mr. Buckley may pose a danger to the community, especially since two of the incidents allegedly occurred at local hospitals and, given Mr.

---

[1]      Mr. Buckley was unable to recall his friend's last name, although he did state that Chris lives near Essex Street in Bangor.

Buckley's physical condition, he might present himself back at those hospitals for treatment.

## IV.   CONCLUSION

The Court ORDERS Mr. Buckley to be detained pending the revocation hearing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2016